## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| MIGUEL VALERIO, | ) ) ) | |
| Plaintiff, | ) ) | 2:15-cv-00234-RCJ-VCF |
| vs. | ) ) | |
| PNC MORTGAGE, | ) ) | **ORDER** |
| Defendant. | ) ) ) | |

This case arises out of negotiations between a homeowner and a bank and an impending residential foreclosure.  Pending before the Court is a Motion to Dismiss (ECF No. 4).  Plaintiff has not timely responded.  For the reasons given herein, the Court grants the motion, with leave to amend.

## I.      FACTS AND PROCEDURAL HISTORY

Plaintiff Miguel Valerio is the owner of real property at 1804 Griffith Avenue, Las Vegas, Nevada 89104. (Compl. 2, ECF No. 1-2).  Plaintiff and his wife made timely payments on their mortgage for sixteen years but asked Defendant PNC Mortgage for assistance in late 2013. (*Id.*).  Defendant told Plaintiff he did not qualify for any form of assistance (such as a loan modification) because he had not defaulted and that he must default before modification would be available. (*Id.*).  Relying on these representations, Plaintiff defaulted and completed Defendant's requests to complete loan modification packets and provide supporting

documentation over five times. (*Id.*). Defendant notified Plaintiff each time that there would be

no modification because the loan beneficiaries had rejected it. (*Id.*). Defendant offered a deed in

lieu of foreclosure or a short sale, but Plaintiff does not allege having participated in either of

those options. (*See id.*). In July 2014, Defendant notified Plaintiff that there had been some kind

of agreement (the allegations here are vague), but it was never consummated. (*See id.* 2–3).

Defendant has informed Plaintiff it intends to foreclose. (*Id.* 3).

Plaintiff sued Defendant in state court. The Complaint fairly indicates causes of action

for intentional misrepresentation and violations of Nevada Revised Statutes section 107.530

(2013) (the anti-dual-tracking provision). Defendant removed and has now moved to dismiss.

## II.    LEGAL STANDARDS

### A.    Rule 8(a)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

(1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule

12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for

failure to state a claim, dismissal is appropriate only when the complaint does not give the

defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell

Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is

sufficient to state a claim, the court will take all material allegations as true and construe them in

the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

Cir. 1986). The court, however, is not required to accept as true allegations that are merely

conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

   "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### B.     Rule 9(b)

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).  Under Rule 9(b), a plaintiff must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.*  A "plaintiff must set forth more than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.*

## III.    ANALYSIS

Defendant argues only against the fraud claim.  The Court agrees that it is not pled with particularity.  To allege fraud, Plaintiff must allege the "who, what, when, where, and how" of the alleged fraudulent statements.  Plaintiff need not allege monetary damages; he seeks injunctive relief.  The Court will grant leave to amend the fraud claim.  A promise to act in the future can support a claim of fraud if it can be shown that the promisor had no intention to perform at the time he made the promise. *See Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992).  Defendant does not address the section 107.530 claim.

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 4) is GRANTED, and

the fraud claim is dismissed, with leave to amend within twenty-one (21) days of the entry of this

Order into the electronic docket.  If Plaintiff does not amend the fraud claim, the section 107.530

claim will proceed alone.

IT IS SO ORDERED.

Dated this 25th day of March, 2015.

_____
ROBERT C. JONES
United States District Judge