UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MIGUEL VALERIO,<br><br>   Plaintiff,<br><br> vs.<br><br>PNC MORTGAGE,<br><br>   Defendant. | 2:15-cv-00234-RCJ-VCF<br><br>**ORDER** |

This case arises out of negotiations between a homeowner and a bank and an impending residential foreclosure. Pending before the Court is a Motion for Summary Judgment (ECF No. 11). For the reasons given herein, the Court grants the motion.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff Miguel Valerio is the owner of real property at 1804 Griffith Avenue, Las Vegas, Nevada 89104. (Compl. 2, ECF No. 1-2). Plaintiff and his wife made timely payments on their mortgage for sixteen years but asked Defendant PNC Mortgage for assistance in late 2013. (*Id.*). Defendant told Plaintiff he did not qualify for any form of assistance (such as a loan modification) because he had not defaulted and that he must default before modification would be available. (*Id.*). Relying on these representations, Plaintiff defaulted and completed Defendant's requests to complete loan modification packets and provide supporting documentation over five times. (*Id.*). Defendant notified Plaintiff each time that there would be

no modification because the loan beneficiaries had rejected it. (*Id.*).  Defendant offered a deed in lieu of foreclosure or a short sale, but Plaintiff does not allege having participated in either of those options. (*See id.*).  In July 2014, Defendant notified Plaintiff that there had been some kind of agreement (the allegations here are vague), but it was never consummated. (*See id.* 2–3). Defendant has informed Plaintiff it intends to foreclose. (*Id.* 3).

Plaintiff sued Defendant in state court.  The Complaint fairly indicates causes of action for intentional misrepresentation and violations of Nevada Revised Statutes section 107.530 (2013) (the anti-dual-tracking provision).  Defendant removed and moved to dismiss the fraud claim.  The Court dismissed the fraud claim, with leave to amend, but Plaintiff has filed no complaint within the time given by the Court to do so.  As the Court noted in the previous order, the section 107.530 claim shall therefore proceed alone.  Defendant has moved for summary judgment.

## II.     SUMMARY JUDGMENT STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are

to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.    ANALYSIS**

Defendant has adduced evidence negating any claim Plaintiff might have under section 170.530.  Defendant has adduced, *inter alia*, copies of two successive pre-notice-of-default letters it sent Plaintiff listing Plaintiff's options, (*see* Letters, ECF Nos. 11-3 and 11-4); a copy of a post-notice-of-default letter responding to Plaintiff's inquiry by attaching copies of Plaintiff's promissory note, deed of trust, and payment history, (*see* Letter, ECF No. 11-7); a copy of a Making Home Affordable Program ("MHAP") packet partially filled out by Plaintiff, (*see* Packet, ECF No. 11-9); a copy of a letter from Defendant to Plaintiff requesting that Plaintiff complete the packet, (*see* Letter, ECF No. 11-10); and a letter from Defendant to Plaintiff indicating that Defendant would not proceed with the MHAP program in Plaintiff's case because he had not completed the packet, (*see* Letter, ECF No. 11-11).

The "anti-dual-tracking" provision of the Nevada Homeowners' Bill of Rights reads:

> If a borrower submits an application for a foreclosure prevention alternative offered by, or through, the borrower's mortgage servicer or mortgagee or the beneficiary of the deed of trust, then the mortgage servicer, mortgagee, trustee, beneficiary of the deed of trust or an authorized agent of such a person may not commence a civil action for a foreclosure sale pursuant to NRS 40.430 involving a failure to make a payment required by a residential mortgage loan, record a notice of default and election to sell pursuant to subsection 2 of NRS 107.080 or a notice of sale pursuant to subsection 4 of NRS 107.080, or conduct a foreclosure sale until one of the following has occurred: . . . .

Nev. Rev. Stat. § 170.530(1) (2013).

Defendant argues that there was no dual tracking under the meaning of section 170.530, because the trustee did not record the Notice of Trustee's Sale until November 20, 2014 (the document is adduced), which is more than three months after the August 11, 2014 letter denying any modification.  The Court agrees.  It is unclear under section 170.530(1) whether a

foreclosing entity must exclude time during which a modification application is pending from the regular three months between recordation of the notice of default and notice of sale under section 107.080(2)(e). Section 107.530(1) on its face only prohibits the filing of a judicial foreclosure action, the recordation of a notice of default or a notice of sale, or the conduct of a trustee's sale while the modification application is pending. *See* Nev. Rev. Stat. § 107.530(1). It does not on its face exclude time under section 107.080(2)(e). But even if it could be read to do so, Defendant has produced evidence that it in fact waited over ninety days from the rejection of the modification application to record the notice of sale. Also, the notice of default in this case (which is also adduced) was recorded before Plaintiff submitted his application for a modification—the notice of default predates the signature date of the application—so the recordation of that document has been shown not to have been a violation of section 107.530(1). Defendant also negates any claim under section 107.530(2) *et seq.*, because the evidence adduced indicates an incomplete application.

Defendant has therefore satisfied its initial burden on summary judgment to submit evidence negating Plaintiff's claim. Plaintiff has adduced no evidence in opposition and has therefore failed to carry his shifted burden to show a genuine dispute of material fact for trial.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 11) is GRANTED, and the Motion to Stay Discovery (ECF No. 13) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 25th day of June, 2015.

_____
ROBERT C. JONES
United States District Judge